**AMERICAN SAMOA GOVERNMENT, Plaintiff,**

**v.**

**TOETU SOLAITA, Defendant.**

High Court of American Samoa
Trial Division

CR No. 08-04

November 30, 2004

Before KRUSE, Chief Justice, ATIULAGI, Associate Judge, and SAGAPOLUTELE, Associate Judge.

Counsel: For Plaintiff, Jeremy M. Kirkland, Assistant Attorney General
For Defendant, David P. Vargas

## ORDER ON DEFENDANT'S MOTION TO RECONSIDER

### Introduction

On January 28, 2004, defendant Toetu Solaita ("Solaita"), the program director of the American Samoa Department of Education School Lunch Program, was charged by the American Samoan Government with felony embezzlement, under A.S.C.A. § 46.4104, in connection with the alleged misappropriation of School Lunch Program food supplies and other items. On July 23, 2004, Solaita waived indictment and entered a plea of guilty in the United States District Court for the District of Hawaii for conspiracy to defraud the federal government in violation of 18 U.S.C. § 371.

On August 3, 2004, Solaita filed a motion to dismiss the territorial embezzlement charges on the grounds that continued prosecution in American Samoa violated the double jeopardy clause of the federal and territorial constitutions, in light of his plea of guilty in the federal case. We denied Solaita's double jeopardy challenge, and he subsequently filed the motion for reconsideration now before us.

### Discussion

Solaita explained in court his filing of this interlocutory motion in part due to his confusion as to whether failure to do so now would preclude his raising this issue after the trial on the merits. We conclude that not only will the issue be preserved, but that the applicable statutory language requires that such motions be filed only at that time.

▮▮▮ Whether or not Solaita has a legitimate substantive legal foundation on which this court may reconsider its earlier determination, that double jeopardy has not occurred in this matter, is a subject that may only be addressed once we have issued a full and final opinion on the merits. A.S.C.A § 46.2402(a) limits a party's ability to appeal to the court's orders to the Appellate Division until "after the announcement of the judgment or sentence." *See, e.g., American Samoa Gov't v. Tiumalu,* 28 A.S.R.2d 136 (Trial Div. 1995) (finding that the 10-day time period mandated by A.S.C.A. § 46.2402(a) for filing a motion for new trial does not begin to accrue until the defendant is sentenced). Absent additional statutory language to the contrary, § 46.2402 implies that just as such orders cannot be pursued in the appellate court until a final decision is made by the trial court in the case, so too is the trial court barred from reconsidering its earlier findings until that time. We take from this omission of language regarding interlocutory appeals that the legislature intended, in effect, to require parties to make all such motions at one time, rather than to drag out the pre-trial process by allowing motions that create a "trial within a trial."

## Order

Having interpreted the statutory language to allow only motions for reconsideration after a full and final resolution on the merits, we conclude that Solaita's motion for reconsideration is premature at this time.

It is so ordered.